IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00521-BNB

GARY ABERNATHY,

    Applicant,

v.

WARDEN JULIE WANDES,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 26 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Gary Abernathy, is a prisoner in the custody of the United States Bureau of Prisons at the Federal Correctional Institution in Florence, Colorado. Mr. Abernathy initiated this action by filing a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Abernathy is challenging the validity of his sentence. On April 6, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Abernathy to show cause why the action should not be dismissed because 28 U.S.C. § 2255 provides an adequate and effective remedy in his criminal case for his claim challenging the validity of his sentence. On April 13, 15, 22, 26, and 29, 2010, Mr. Abernathy filed responses to the show cause order.

The Court must construe the application and the responses to Magistrate Judge Boland's show cause order liberally because Mr. Abernathy is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a

*pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Abernathy was convicted of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) in the United States District Court for the Western District of Missouri, and he was sentenced to 293 months in prison. *See United States v. Abernathy*, 277 F.3d 1048, 1049 (8th Cir. 2002). The judgment of conviction was affirmed on direct appeal. *See id.* In 2002, Mr. Abernathy filed in his criminal case a motion pursuant to 28 U.S.C. § 2255. Application at 3. The § 2255 motion was denied on December 6, 2002. *Id.* On March 9, 2009, Mr. Abernathy filed a petition to alter or amend judgment in his criminal case, which was denied on April 6, 2009. *Id.* The Eighth Circuit summarily affirmed the trial court on September 22, 2009. *United States v. Abernathy*, No. 09-1904 (8th Cir. Sept. 22, 2009) (unpublished decision).

On October 13, 2009, Mr. Abernathy filed a second motion pursuant to 28 U.S.C. § 2255. Application at 4. The district court denied on the motion without prejudice on October 22, 2009 on the grounds that Mr. Abernathy had failed to obtain appellate authorization for a successive § 2255 motion. *Id.* Mr. Abernathy filed a petition for authorization to file a successive § 2255 motion, which the Eighth Circuit denied on February 11, 2010. *See United States v. Abernathy*, No. 09-3627 (8th Cir. Feb. 11, 2010) (unpublished decision).

Mr. Abernathy alleges in the instant habeas corpus application that his sentence is illegal under the Supreme Court's ruling in *Chambers v. United States*, 129 S.Ct. 687 (2009). Mr. Abernathy specifically argues that, pursuant to *Chambers*, his prior

2

conviction for escape should not be considered a crime of violence in calculating his sentence under the Sentencing Guidelines. Mr. Abernathy asserts that he raised the same claim in his § 2255 motion that was denied as successive.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366.

As noted above, Magistrate Judge Boland ordered Mr. Abernathy to show cause why this action should not be dismissed because he has an adequate and effective remedy available to him in his criminal case pursuant to § 2255. Mr. Abernathy argues in his responses to Magistrate Judge Boland's show cause order that he should be

allowed to pursue his claim in this § 2241 action because he is actually innocent of the sentence enhancement triggered by his prior escape conviction.

The simple fact that Mr. Abernathy has been denied relief in the sentencing court does not mean that the remedy provided in § 2255 is inadequate or ineffective. See **Williams**, 323 F.2d at 673. The fact that Mr. Abernathy is barred from raising his claim in a second or successive § 2255 motion, by itself, also does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. See **Caravalho**, 177 F.3d at 1179. Instead, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." **Caravalho v. Pugh**, 177 F.3d 1177, 1178 (10th Cir. 1999). For example, the remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. See **Caravalho**, 177 F.3d at 1178. The remedy available pursuant to § 2255 also may be inadequate and ineffective if the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates the applicant is actually innocent. See **Reyes-Requena v. United States**, 243 F.3d 893, 903 (5th Cir. 2001); see also **United States v. Apodaca**, 90 F. App'x 300, 304 n.10 (10th Cir. 2004) (agreeing with **Reyes-Requena** that recourse to § 2241 "will be unavailing unless accompanied by a clear showing of actual innocence.").

As noted above, Mr. Abernathy contends the remedy available pursuant to § 2255 is inadequate and ineffective because, pursuant to **Chambers**, he is actually

innocent of the sentence enhancement triggered by his prior escape conviction but he is unable to raise the *Chambers* claim in his criminal case pursuant to § 2255. The Court will consider this argument in the context of the standards set forth in *Reyes-Requena*. Mr. Abernathy satisfies the first prong of the *Reyes-Requena* test because *Chambers* is a new Supreme Court case, it does not state a new rule of constitutional law, and it was decided after the one-year limitation period for filing a § 2255 motion in Mr. Abernathy's criminal case had expired. However, the Court does not agree with Mr. Abernathy's contention that the Supreme Court's decision in *Chambers* demonstrates he is actually innocent. The "core idea" of the actual innocence factor "is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Reyes-Requena*, 243 F.3d at 903. In the Tenth Circuit, "[a] person cannot be actually innocent of a noncapital sentence." *United States v. Rogers*, 5 F.3d 1369, 1371 (10th Cir. 1993); *but see Selsor v. Kaiser*, 22 F.3d 1029, 1036 (10th Cir. 1994) (stating that a petitioner in a habitual offender case is actually innocent of the sentence if he can show he is actually innocent of the prior conviction necessary to sentence him as a habitual offender).

Mr. Abernathy does not argue that he is actually innocent of being a felon in possession of a firearm, the offense on which he was convicted in his criminal case. He also does not argue that he is actually innocent of the prior escape conviction that triggered the sentence enhancement he is challenging. Instead, Mr. Abernathy argues only that he is actually innocent of the sentence enhancement based on *Chambers*. Even assuming Mr. Abernathy's interpretation of *Chambers* and how that decision

would affect his own sentence is accurate, his argument that he is actually innocent of a sentence enhancement is not the sort of actual innocence that could justify a determination that the remedy available pursuant to § 2255 in his criminal case is inadequate or ineffective. See *Rogers*, 5 F.3d at 1371. Accordingly, it is

    ORDERED that the Application is denied and the action is dismissed.


    DATED at Denver, Colorado, this  25th   day of   May  , 2010.

                      BY THE COURT:


                        s/Philip A. Brimmer
                      PHILIP A. BRIMMER
                      United States District Judge, for
                      ZITA LEESON WEINSHIENK, Senior Judge
                      United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00521-BNB

Gary Abernathy
Reg No. 00080-205
FCI - Florence
P.O. Box 6000
Florence, CO 81226-6000

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/26/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk